(C.D. 2806)

UTAH MACHINE & MILL SUPPLY, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 27, 1966)

*Parsons, Behle, Evans & Latimer* (*Stein & Shostak* of counsel) for the plaintiff.
*J. William Doolittle*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The cases listed in schedule "A," attached hereto and made a part hereof, were submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 11.5% ad valorem under Item 666.25 of the Tariff Schedules of the United States, consists of non-malleable cast iron rollers for machines not alloyed and not advanced beyond cleaning, and machined only for the removal of fins, gates, sprues, and risers or to permit location in finishing machinery.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of enactment and/or December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of the enactment of Public Law 89–241, 89th Congress, approved October 7, 1965, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise at 3% ad valorem under Item 680.58 of the Tariff Schedules of the United States as amended by Sec. 48(b) of said Public Law 89–241, redesignated Item 680.60 by the Automotive Products Act of 1965 (P.L. 89–283).

6. That the protests enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Plaintiff having abandoned the protests as to all other merchandise, they are hereby dismissed. Accepting the stipulation, we find that plaintiff has complied with both section 514, Tariff Act of 1930, and the Tariff Schedules Technical Amendments Act of 1965, PL 89–241, T.D. 56511, and that said merchandise consists of nonmalleable cast iron rollers for machines not alloyed and not advanced beyond cleaning, and machined only for the removal of fins, gates, sprues, and risers or to permit location in finishing machinery. Therefore, the claims in the protests that said merchandise is properly dutiable at 3 per centum ad valorem under the provisions of the Tariff Schedules of the United States, as amended by section 48(b) of said PL 89–241, and as redesignated by the Automotive Products Act of 1965, PL 89–283, under item 680.60, is sustained.

Judgment will be entered accordingly.